JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Karen Stamm
408 Greentree Village
Lebanon, PA 17042

**(b)** County of Residence of First Listed Plaintiff   Lebanon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
Pennsylvania Specialty Pathology, LLC
2301 Harrisburg Pike, Suite 201
Lancaster, PA 17601

County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | **PERSONAL INJURY** | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/15/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Karen Stamm                                    :                    CIVIL ACTION
                                               :
                    v.                         :
                                               :
Pennsylvania Specialty Pathology, LLC                              NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)


3/15/18                    Graham F. Baird              Karen Stamm
**Date**                   **Attorney-at-law**          **Attorney for**

267-546-0131               215-944-6124                 grahamb@ericshore.com
**Telephone**              **FAX Number**               **E-Mail Address**


(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 408 Greentree Village, Lebanon PA 17042

Address of Defendant: 2301 Harrisburg Pike, Suite 201, Lancaster PA 17601

Place of Accident, Incident or Transaction: 2301 Harrisburg Pike, Suite 201, Lancaster PA 17601
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                                    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?                                                              Yes☐  No☑
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                                        Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Graham F. Baird , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/15/18 _____          926 92
                        Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/15/18 _____          926 92
                        Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN STAMM                          :
408 Greentree Village                :
Lebanon, PA 17042                    :        JURY DEMANDED
                                     :
          Plaintiff,                 :
                                     :
          v.                         :
                                     :        No.
PENNSYLVANIA SPECIALTY               :
PATHOLOGY, LLC                       :
2301 Harrisburg Pike, Suite 201      :
Lancaster, PA 17601                  :
                                     :
          Defendants                 :

### CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, KAREN STAMM (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, PENNSYLVANIA SPECIALTY PATHOLOGY, LLC (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

2.      At all times material hereto, Defendants, qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4.      This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.     Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7.     Plaintiff has satisfied the administrative prerequisites and exhausted her administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

8.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

9.     On or about October 19, 2015, Defendant hired Plaintiff as a billing specialist.

10.     On or about June 25, 2016, Plaintiff was promoted to the position of billing manager.

11.     At all times material hereto, Plaintiff is diagnosed with a seizure disorder.

12.     On February 19, 2016, Plaintiff suffered a seizure while at work for Defendant, and was taken by ambulance to the hospital.

13.     Prior to this incident, Defendant was not aware that Plaintiff had a seizure disorder.

14.     In July of 2016, Plaintiff suffered another seizure at home and informed Defendant.

15.     Defendant's co-director, Dr. Shashi Baksh, expressed concern for Plaintiff's situation and stated Plaintiff should be taking an anti-convulsant medication.

16.     Additionally, Dr. Shashi Baksh asked Plaintiff if she could refer Plaintiff to a colleague at Neurology & Stroke Associates, P.C.

17.     As she had previously treated at this facility, Plaintiff agreed to the referral and resumed treatment, including prescription medication.

18.     On February 15, 2017, Plaintiff suffered another seizure while at work, and was again transported to the hospital via ambulance.

19.     Upon her return to work after this incident, Plaintiff noticed she was being given an excessive amount of work that she was finding difficult to complete.

20.     This caused Plaintiff to need to work an extra one (1) to two (2) hours daily.

21.     In or around April of 2017, Plaintiff attended a meeting with Defendant's directors Dr. Shashi Baksh and Dr. Fabien Baksh regarding issues Plaintiff was having with Defendant's new office manager, Melanie Gavlick.

22.     During this meeting, Plaintiff had made a comment that her anxiety was rising to the point she "needed to take an Ativan".

23.     Only Drs. Shashi and Fabien Baksh and Plaintiff were in attendance of this meeting.

24.     Approximately one (1) week later, Plaintiff mentioned to Defendant's billing specialist Sharon Thoma that she was feeling "stressed out" about a computer system issue, to which Ms. Thoma responded "why don't you just take one of your little pills" in a mocking tone.

25.     Plaintiff had not mentioned taking medication to any of Defendant's employees aside from Drs. Shashi and Fabien Baksh.

26.     In or around May of 2017, Plaintiff became aware that the implementation of a new billing process that she had been working on had been reassigned without her knowledge to a newly-hired billing specialist, Nikki Hess.

27.     On or about May 19, 2017, Dr. Fabien Baksh questioned Plaintiff as to the status of a list of tasks he had assigned to her.

28.     Plaintiff, who was becoming overwhelmed with her workload, responded that she would have it done soon, and that she "hadn't even gotten out of her chair to go to the bathroom yet that day."

29.     Plaintiff felt badly about the way she had responded, so she went to Dr. Baksh's office to apologize, told him she was feeling overwhelmed, and began to cry. Dr. Baksh responded that Plaintiff needed to "calm down" so she wouldn't have another seizure, and sent her home for the day.

30.     In or around June of 2017, Plaintiff became aware that another process implementation that she had been working on was given to Ms. Hess without her knowledge.

31.     Plaintiff also noticed that both Dr. Shashi and Fabien Baksh were actively avoiding speaking with her, or even making eye contact with her.

32.     In or around the middle of June of 2017, Plaintiff was being shunned by almost the whole office.

33.     Plaintiff would often see Dr. Fabien Baksh engaged in conversation with Ms. Hess that would end immediately upon Plaintiff's arrival, with the doctor returning to his office without engaging Plaintiff.

34.     On or about July 13, 2017, Plaintiff was approached by Dr. Fabien Baksh who stated "this is not working out, I'm going to have to ask you to leave."

35.     Plaintiff was not given any more specific information as to the reason for her termination.

36.     Following her termination, Plaintiff attempted to refill her anti-convulsant medication before her insurance was cancelled.

37.     Plaintiff soon learned that her insurance had been terminated on July 3, 2017, approximately ten (10) days prior to her actual termination.

38.     As her medications cost approximately $2,000.00 without insurance as was therefore unaffordable, Plaintiff was unable to refill her prescription and suffered several seizures as a result.

39.     Defendant's termination of Plaintiff was motivated by animus towards her disability.

40.     Defendant failed to reasonably accommodate Plaintiff's disability.

41.     Defendant created, maintained and/or permitted to exist a work environment hostile to the Plaintiff's disability.

42.     Upon information and belief, Defendant replaced Plaintiff with Ms. Hess, a non-disabled employee.

43.      As a direct and proximate result of Defendant's conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

III.  Causes of Action.

## COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

44.     Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

46.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

47.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

48.     At all times material hereto, Plaintiff had a qualified disability, as described above.

49.     As set forth above, Plaintiff was subjected to a hostile work environment due to her aforementioned disability.

50.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

51.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

52.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

53.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq

Plaintiff demands attorneys fees and court costs.

## COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

54.     Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55.     As set forth above, Plaintiff is a member of a protected class.

56.     Defendant subjected Plaintiff to a hostile work environment due to her disability.

57.     Defendant terminated Plaintiff's employment.

58.     As set forth above, a motivating factor in the decision to terminate Plaintiff's

employment is Plaintiff's disability.

59.     Plaintiff suffered disparate treatment in the manner in which she was terminated

as compared to similarly situated able-bodied employees, who received more favorable treatment

by Defendants.

60.     As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A.

§951, et seq.

61.     As a proximate result of Defendants' conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of earning power

and capacity and a claim is made therefore.

62.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby

demands punitive damages.

63.     Plaintiff demands attorneys' fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff, Karen Stamm demands judgment in her favor and against Defendant, Pennsylvania Specialty Pathology, LLC in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Karen Stamm

Date: 3/15/18

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Karen Stamm**
**408 Greentree Village**
**Lebanon, PA 17042**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2018-00040** | **Legal Unit,** Legal Technician | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**Acting District Director**

12/8/17
(Date Mailed)

Enclosures(s)

cc:
**PENNSYLVANIA SPECIALTY PATHOLOGY, LLC**
2301 Harrisburg Pike, Ste 201
Lancaster, PA 17601

**Graham Baird**
**LAW OFFICES OF ERIC SHORE**
2 Penn Ctr, Ste 1240
1500 JFK Blvd
Philadelphia, PA 19102